**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MATTHEW ROBINSON,
    Plaintiff,

V.                                                                  CASE NO.:

SARAH COURSEY IN HER
OFFICIAL CAPACITY AS POLICE CHIEF
TAVERSES POLICE DEPARTMENT;
CORPORAL DIAZ-DELGADO,
IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES;
AND SERGEANT BEN CARTER,
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES,
    Defendants.

_____/

## COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983

**INTRODUCTION**

1.      Plaintiff Matthew Robinson ("Plaintiff" or "Mr. Robinson"), by and through undersigned counsel, sues Defendants Tavares City Police Department, Corporal Diaz-Delgado, and Sergeant Ben Carter for violations of the Fourth Amendment actionable under 42 U.S.C. § 1983, and alleges:

**JURISDICTION AND VENUE**

2.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

1

3. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District and at least one Defendant resides or is employed in this District. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 1343 because this action arises under 42 U.S.C. § 1983.

5. Venue is proper in the Middle District of Florida, Ocala Division, under 28 U.S.C. § 1391(b), because the events and omissions giving rise to these claims occurred in Lake County, Florida, within this District and Division, including at 2585 Shamrock St, Tavares, FL 32778.

6. The Court has personal jurisdiction over all Defendants because they reside in, are employed in, and/or committed the acts complained of within this District.

**PARTIES**

7. Plaintiff Matthew Robinson is a natural person and resident of Lake County, Florida, and at all relevant times was present on and within the curtilage of his privately owned property located at 2585 Shamrock St, Tavares, FL 32778.

8. Defendant City of Tavares is a municipality and a "person" subject to suit under 42 U.S.C. § 1983. At all relevant times, the City of Tavares, through its Police Department ("TCPD"), maintained final policymakers

2

responsible for establishing and enforcing policies, customs, and practices governing the training, supervision, and conduct of its officers, including Cpl. Diaz-Delgado and John Doe. The constitutional violations alleged herein were committed pursuant to the City's official policies, longstanding customs, or practices, and/or were the result of the City's deliberate indifference in failing to adequately train, supervise, and discipline its officers with respect to home entries, warrantless arrests, and compliance with the Fourth Amendment.

9.      Defendant Corporal Diaz-Delgado ("Cpl. Diaz-Delgado") is a law enforcement officer who, at all relevant times, acted under color of state law and within the scope of her employment and authority. She is sued in her individual and official capacities.

10.     Defendant Sergeant Ben Carter is a law enforcement officer who, at all relevant times, acted under color of state law and within the scope of his employment and authority. He is sued in his individual and official capacities.

**FACTUAL BACKGROUND**

11.     On December 6th, Cpl. Diaz-Delgado and Sergeant Carter arrived at Plaintiff's residence located at 2585 Shamrock St., Tavares, Florida 32778, which they knew to be Mr. Robinson's home address according to the police report. **EX 1**.

12.     At the time the officers arrived, Mr. Robinson was physically present on his property, specifically his driveway immediately in front of the

3

home. Mr. Robinson was performing maintenance on his truck with the hood open.

13.     Cpl. Diaz-Delgado and Sergeant Carter approached and stood on the public sidewalk, where they engaged Mr. Robinson in conversation regarding an alleged misdemeanor stalking incident that had occurred days earlier.

14.     The officers spoke with Mr. Robinson for a period of time without incident, and Mr. Robinson did not threaten the officers, attempt to flee, or engage in any conduct creating an emergency or officer-safety concern.

15.     During the encounter, Mr. Robinson walked from the driveway into his garage to retrieve a part for his vehicle and was entirely inside the garage.

16.     Without a judicial warrant, without Plaintiff's consent, and without exigent circumstances, Cpl. Diaz-Delgado and Sgt Carter followed Mr. Robinson into the garage and physically seized and arrested him for a misdemeanor offense, including placing him in handcuffs.

17.     The intrusion into the curtilage was nonconsensual. Plaintiff did not invite or consent to the officers' entry into the garage or curtilage.

18.     The officers did not have a valid arrest warrant or search warrant at any time prior to or during the arrest.

19.     No exigent circumstances existed to justify a warrantless entry or arrest within the curtilage of Plaintiff's home. There was no hot pursuit, no

4

imminent threat of harm, no risk of destruction of evidence, and no other emergency.

20.    Cpl. Diaz-Delgado's Body camera footage captured the location of the arrest at Plaintiff's residence and reflects the absence of exigent circumstances and the nonconsensual nature of the entry and seizure.

21.    The arresting officer's own arrest affidavit confirms the arrest occurred at 2585 Shamrock St., Tavares, Florida 32778, the Plaintiff's residence. **EX 1.**

22.    The underlying offense for which Plaintiff was arrested was, at most, a misdemeanor under applicable law.

23.    The conduct of Cpl. Diaz-Delgado and Sergeant Carter were intentional, willful, malicious, reckless, and/or in reckless disregard of Plaintiff's clearly established constitutional rights, and the arrest was made over the clear objections of Mr. Robinson.

24.    As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including loss of liberty, emotional distress, humiliation, inconvenience, physical discomfort, and other economic and non-economic harms to be proven at trial.

25.    On information and belief, at the time of the incident, TCPD maintained customs, practices, or policies that were the moving force behind the constitutional violation, including: (a) authorizing or tolerating warrantless arrests within the curtilage of a home for misdemeanor offenses absent exigent circumstances; (b) failing to properly train and

5

supervise officers on Fourth Amendment limitations on home entries and curtilage; and (c) failing to discipline or correct officers who engaged in unconstitutional home-based seizures. As of this Complaint, no disciplinary actions have been taken against the officers for this clear constitutional violation.

26.     On information and belief, TCPD's policymakers were deliberately indifferent to the known or obvious consequences of these customs, practices, or policies, and such deliberate indifference caused the violation of Plaintiff's rights.

**LEGAL CLAIMS**

COUNT I: UNLAWFUL SEIZURE/ARREST IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983)

(Against Cpl. Diaz-Delgado and Sgt Carter, Individual Capacities)

27.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28.     At all relevant times, Cpl. Diaz-Delgado and Sgt Carter acted under color of state law.

29.     Plaintiff had a clearly established right under the Fourth Amendment to be free from warrantless arrests within their home and its curtilage in the absence of exigent circumstances.

30.     Defendants Cpl. Diaz-Delgado and SGT Carter violated Plaintiff's Fourth Amendment rights by arresting him for a misdemeanor offense within the curtilage of his residence without a warrant, without consent, and without exigent circumstances.

31.     The actions of Cpl. Diaz-Delgado and SGT Carter were objectively unreasonable and were the moving force behind Plaintiff's injuries.

32.     As a direct and proximate result, Plaintiff suffered damages, including loss of liberty, emotional distress, humiliation, and other compensable harms.

33.     The conduct of Cpl. Diaz-Delgado and SGT Carter were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's constitutional rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant Cpl. Diaz-Delgado and SGT Carter on Count I and award: (a) compensatory damages in an amount to be determined at trial; (b) punitive damages; (c) declaratory relief as set forth below; (d) reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and (e) such other and further relief as the Court deems just and proper.

COUNT II: MUNICIPAL LIABILITY UNDER MONELL (42 U.S.C. § 1983)
(Against Tavares City Police Department)

34.     Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

35.     At all relevant times, TCPD was responsible for establishing policies, practices, customs, training, supervision, and discipline of its officers regarding arrests, home entries, and Fourth Amendment compliance.

36.     The violations of Plaintiff's constitutional rights were caused by TCPD's policies, customs, or practices, including, without limitation: (a)

7

authorizing or tolerating warrantless, nonconsensual arrests within the curtilage of residences for misdemeanor offenses without exigent circumstances; (b) failing to train and supervise officers on the constitutional limits governing arrests at or within the home and curtilage; and (c) failing to investigate, discipline, or correct officers despite notice of similar misconduct.

37.     TCPD's policymakers were deliberately indifferent to the known or obvious consequences of these policies, customs, or practices, and such deliberate indifference was the moving force behind the violation of Plaintiff's Fourth Amendment rights.

38.     As a direct and proximate result of TCPD's policies, customs, or practices, Plaintiff suffered damages, including loss of liberty, emotional distress, humiliation, and other compensable harms.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant Traverse City Police Department on Count II and award: (a) compensatory damages in an amount to be determined at trial; (b) declaratory relief as set forth below; (c) reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and (d) such other and further relief as the Court deems just and proper.

DECLARATORY RELIEF

39.     An actual, present, and justiciable controversy exists between the parties concerning the constitutionality of Defendants' conduct.

8

40.    Plaintiff seeks a declaration that Defendants' warrantless, nonconsensual arrest of Plaintiff for a misdemeanor within the curtilage of his residence, absent exigent circumstances, violated the Fourth Amendment.

DEMAND FOR JURY TRIAL

41.    Plaintiff demands a trial by jury on all issues so triable.

PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

   a)   Declare that Defendants' conduct violated Plaintiff's rights under the Fourth Amendment;

   b)   Award compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial;

   c)   Award punitive damages against Defendants Cpl. Diaz-Delgado and John Doe;

   d)   Award reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

   e)   Grant such other and further relief as the Court deems just and proper.

Date: February 16, 2026

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Date**: February 16, 2026.

Respectfully submitted,

/s/ *Anthony F. Sabatini*

ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
MOUNT DORA, FL 32757
T: (352)-455-2928
Attorney for Plaintiff

# EXHIBIT 1



### ARREST AFFIDAVIT/FIRST APPEARANCE FORM
### LAKE COUNTY, FLORIDA

25008518

| OBTS: 350126 1491 | | | Agency ORI # FL0351100 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

| Court Case Number: 2025MM7539 | ☐ Felony  ☑ Misdemeanor  ☐ Traffic  ☐ Juvenile | ☐ County or Municipal Ordinance  ☐ Warrant / C A P I A S | Agency Case Number: T25120284 |
|---|---|---|---|

| Defendant's Name: Last | First | Middle | DOB Mo. Day Yr | SEX | RACE | HGT | WGT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|
| ROBINSON | MATTHEW | | 08/15/1972 | M | W | 5'10 | 200 | BRO | BRO |

| Mailing Address: St./P.O. Box 2585 SHAMROCK ST | Scars- Marks-Tatoos-Amputations (describe each) |
|---|---|
| City TAVARES    State FL    Zip 32778 | |

| St. Add. (if different), Street City    State    Zip | Phone: Home ( ) | Place of Birth: UK | Social Security No.: 767366778 |
|---|---|---|---|

| Place of Employment: Street City    State    Zip | Phone: Business ( ) | Occupation: | Alias: |
|---|---|---|---|

| Driver Lic. No.: R-152-540-72-295-0  State: FLORIDA | Vehicle towed by: | Hold on Vehicle: Yes☐ No☐  Agency: | Arrest Suffix: |
|---|---|---|---|

| Arrest Date: mo 12 day 06 year 25 | Arrest Time: 1633 | Arrest Location: 2585 SHAMROCK ST, TAVARES |
|---|---|---|

| U.S. Citizen: Y☑ N☐ U☐ | Residence Type: ☑ 1. City  ☐ 2. County  ☐ 3. Florida  ☐ 4. Out-of-Florida |
|---|---|

|  | ACTIVITY | | | | TYPE | | | |
|---|---|---|---|---|---|---|---|---|
| CODES | A. Fraud  B. Buy  D. Deliver  F. Forgery | K. Dispense/ Distribute | M. Manufacture/ Produce/ Cultivate  N. N/A | O. Counterfeit  P. Possess  R. Smuggle  S. Sell | T. Traffic  U. Use  X. Stolen Property  Z. Other | A. Amphetamine  B. Barbiturate  C. Cocaine  H. Hallucinogen | M. Marijuana  N. N/A  O. Opium/Deriv | P. Paraphernalia/ Equipment  P. Heroin  S Synthetic | U Unknown  2.- Other |

| | Description | Counts | Activity | Type | NCIC | Statue | Bond Amount | In Accordance to Bond Schedule |
|---|---|---|---|---|---|---|---|---|
| C | STALKING | 2 | N | N | Y | 784.048(2) | $5,000 | Y☑ N☐ |
| H | | | | | | | | Y☐ N☐ |
| A | | | | | | | | Y☐ N☐ |
| R | | | | | | | | Y☐ N☐ |
| G | | | | | | | | Y☐ N☐ |
| E | | | | | | | | Y☐ N☐ |
| S | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |
| | | | | | | | | Y☐ N☐ |

| Indication of: Alcohol Influence Y☐ N☑ Unknown☐  Drug Influence Y☐ N☑ Unknown☐ | Weapon Seized: Y☐ N☐ |
|---|---|

| JAIL LOG: (To be completed by Booking Officer) TPD-Diaz-Delgado T41 | Jail Inmate Number: 161103 |
|---|---|

| Date Booked: 12-6-25 | Time Booked: 1832 AM/PM | Booking Officer: Lane | Fingerprinted By: Nieves | Photographed By: Johnson | Bin Number |
|---|---|---|---|---|---|

| Advised of Rights By: | Check for Warrant(s): NCIC☐ FCIC☐ Local☐ | Holds: Yes☐ No☐ | Agency of Hold: |
|---|---|---|---|

| Attorney (if known): | Religion: J☐ Pr☐ C☐ Other☐ | Marital Status: S☐ M☐ D☐ Sep☐ | Telephone call logged: Time | AM PM | Telephone No ( ) |
|---|---|---|---|---|---|

| Next of Kin,/PARENTS OF JUVENILE (for emergency) | Relation    Address | Telephone No ( ) |
|---|---|---|

Juvenile Disposition:

___ 1. Hand led/Processed Within Dept and Released  ___ 2. Turned Over to D.J.J.  ___ 3 Incarcerated (County Jail)

Page __1__ of __

ORIGINAL

fpdf v1 20040624

| Complaint/ Arrest Affidavit Continuation | | Court Case No. | | Agency Case No.<br>T25120284 |
|---|---|---|---|---|
| Defendant s Name.  Last<br>ROBINSON | First<br>MATTHEW | Middle | Date of Birth | 08/15/1972 |

**PROBABLE CAUSE AFFIDAVIT:**
(specify probable cause. for each charge)

Before Me. the undersigned authority personally appeared Cpl. Diaz-Delgado who being duly sworn. alleges, on Information and belief. that on the 6th day of December .20 25 , in LAKE County, Florida, the defendant did:

commit stalking by willfully, maliciously, and repeatedly harassing specified persons in a manner that causes significant emotional distress and serves no legitimate purpose.

On December 6, 2025, at approximately 1457 hours, I responded to 2638 Rowan St., Tavares, in reference to ongoing harassment. Upon arrival, I made contact with Joseph Lalanne and Sradha Joshi, who advised the following:

The majority of the incidents have occurred at, or in front of, their residence located at 2553 Shamrock St., Tavares. They stated that their neighbor, Matthew Robinson, that resides at 2585 Shamrock St., Tavares, has continued to harass them since September 2025. Joseph and Sradha advised that they have been in significant emotional distress and fear since the incidents began in September. They stated that during the incidents, Matthew would tell them that they "need to watch your backs", referencing that he possesses firearms, and discouraging them from contacting law enforcement because he knows all of the members of the police. They also advised that Matthew has contacted the school they work at, Pinecrest Academy, to threaten them and other members of the staff as well, stating today that he would show up to the school with 200 people to get Joseph terminated.

Sradha wrote a sworn written statement on behalf of Joseph attesting to the validity of their version of events, detailing the history of the incidents:

In September of 2025, Matthew approached Joseph and Sradha to complain about the school and Joseph's teaching. They advised Matthew told them "you are both in a deep deep red state and you better watch your backs" and "you don't know who you're messing with".

On November 3, 2025, they stated Matthew had approached their house in an aggressive manner and stood at the end of their driveway, on the sidewalk, stating "if you're running a shit daycare out of here, make sure people can walk past". When he was asked to stop cursing because there were children present, they advised Matthew responded "I can do whatever the fuck I want" "you liberal fucks". They advised he went on to state "I warned you, you watch what happens to you".

On December 2, 2025, Joseph advised that Matthew stood at the end of Joseph's driveway while pointing a phone at Joseph while Joseph was in his garage stating "smile Joe" repeatedly.

SWORN to and SUBSCRIBED before me this 6th day of December 20 25

_____
Notary Public / Certified Officer
(circle one)
SEAL

LORA LANE
Commission # HH 402640
Expires June 13, 2027

fpdf v1 20040624

_____
AFFIANT

Tavares Police Department
ARRESTING AGENCY

Page 2 of 5 Page

| Complaint/ Arrest Affidavit Continuation | | Court Case No. | | Agency Case No. T25120284 |
|---|---|---|---|---|
| Defendant s Name. Last ROBINSON | First MATTHEW | Middle | Date of Birth | 08/15/1972 |

**PROBABLE CAUSE AFFIDAVIT:**
(specify probable cause. for each charge)

Before Me. the undersigned authority personally appeared ___Cpl. Diaz-Delgado___ who being duly sworn, alleges, on information and belief. that on the ___6th___ day of ___December___ .20__25__ , in ___LAKE___ County, Florida, the defendant did:

On December 4, 2025, they advised Matthew again stood at the end of their driveway, behaving in a manner that caused them to believe Matthew was taking photographs or videos of their home. Sradha stated she asked Matthew to stop and to "move away from our property". Sradha advised Matthew then stated "I can do what the fuck I want" "you picked a fight with the wrong person".

On December 6, 2025, they stated that Matthew approached Joseph and Sradha in the street, coming very close to them, shouting and putting his finger in Joseph's face. Joseph advised Matthew then went into his vehicle and retrieved a long black object at Joseph while continuing to shout at him. Joseph stated that these actions from Matthew caused him fear for his safety.

Joseph attesting to the validity of this version of events and indicated he wished to pursue charges. Joseph was also provided a Victim's Rights Pamphlet, which he indicated he understood and signed for.

I then reviewed videos provided by Joseph and Sradha, in which I observed the following:

On the first video recorded on December 6, 2025, at approximately 1300 hours, Matthew approached Joseph and Sradha while they are standing on the sidewalk. While approaching Joseph, Matthew confronts Joseph about his belief that Joseph has been telling neighbors that Matthew is a racist. Joseph responds stating "can you please get away from me", to which Matthew refuses. Joseph can be heard asking Matthew to get away from him two additional times before Matthew eventually walks away.

In the second video, also recorded on December 6, 2025, at approximately 1304 hours, the video is pointed at Sradha's feet while she is walking on the sidewalk. Sradha can be heard repeating "keep walking" to Joseph, while Matthew continues to confront them. Matthew can be heard stating, "the people in the county are my friends, the cops have become my friends, Fernando from the school board the regional director of your bosses is my friend". Sradha informed Matthew that what he stated had been recorded, to which he responds "let's have it out" multiple times. As Sradha and Joseph continue to walk away, attempting to terminate the interaction, Matthew states that "it was better than showing up with 200 people with signs and a bullhorn, with your name on a placard, that would have got your fired though".

In the third video, also recorded on December 6, 2025, at approximately 1332 hours, Matthew again approached Joseph, who was standing on the sidewalk, stating "don't tell people I'm a racist". Joseph can be heard telling

SWORN to and SUBSCRIBED before me
this ___6th___ day of ___December___
20 __25__

___Notary Public___  ___Certified Officer___
(circle one)

SEAL

AFFIANT

Tavares Police Department
ARRESTING AGENCY

Page __3__ of __5__ Page

LORA LANE
Commission # HH 402640
Expires June 13, 2027

| Complaint/ Arrest Affidavit Continuation | | Court Case No. | | Agency Case No. T25120284 |
|---|---|---|---|---|
| Defendant s Name. Last ROBINSON | First MATTHEW | Middle | Date of Birth | 08/15/1972 |

**PROBABLE CAUSE AFFIDAVIT:**
(specify probable cause. for each charge)

Before Me. the undersigned authority personally appeared ___Cpl. Diaz-Delgado___ who being duly sworn. alleges, on information and belief. that on the ___6th___ day of ___December___, 20 _25_, in ___LAKE___ County, Florida, the defendant did:

Matthew to "please get away from me" twice.

In the fourth video, also recorded on December 6, 2025, which had been recorded by their neighbor, Jesse Lugo, Matthew can be seen with a long black bat or baton type object in his left hand. Joseph stated that Matthew had pointed the object in his direction, which caused him fear for his safety.

I then reviewed the call history related to these incidents. The incidents were first reported by Joseph and Sradha to law enforcement on November 3, 2025, (see Tavares PD case number T25110155). They reported that Matthew had told them to watch their backs, alluded to the fact he possessed multiple firearms, and stated that the principal of Pinecrest Academy should also watch their back.

The next occurrence was reported to law enforcement on December 4, 2025, (see Tavares PD case number T25120193). They reported that Matthew had been racially abusive comments toward them, harassing them, and that he had told them "you don't know who you are messing with, you don't know what is coming for you". Sradha had advised that Matthew's behavior is constant and would not stop. She also stated she was afraid. It should be noted that Joseph showed me video from this incident with officers on scene, where Matthew continued to shout at Joseph, Sradha, and law enforcement.

Joseph and Sradha advised they had additional video and e-mails from their employer in reference to these incidents, which they would upload to Evidence.com.

Both Joseph and Sradha advised that Matthew's continued actions have caused them significant distress.

I then responded to 2585 Shamrock St., Tavares, to make contact with Matthew. Upon contact, Matthew advised that it was ongoing civil issues in reference to them operating a tutoring business out of their residence. He stated that Sradha and Joseph had originally confronted him and that Sradha had previously following him down their street videoing him. Matthew could not provide video documenting these statements while in contact with law enforcement.

Based upon the statements made by all parties, video footage, and law enforcement call history, Matthew was placed under arrest for willful, malicious, and repeated course of conduct directed at Joseph and Sradha that served no legitimate purpose, would cause emotional distress to a reasonable person, and did cause emotional

SWORN to and SUBSCRIBED before me
this ___6th___ day of ___December___
20 _25_

_____
(Notary Public)    Certified Officer
(circle one)
SEAL

AFFIANT

Tavares
c/o ~~Clermont~~ Police Department
ARRESTING AGENCY

Page __4__ of __5__ Page

LORA LANE
Commission # HH 402640
Expires June 13, 2027

| Complaint/ Arrest Affidavit Continuation | | Court Case No. | | Agency Case No. T25120284 | |
|---|---|---|---|---|---|
| Defendant s Name. Last ROBINSON | First MATTHEW | Middle | | Date of Birth | |
| | | | | 08/15/1972 | |

**PROBABLE CAUSE AFFIDAVIT:**
(specify probable cause. for each charge)

Before Me. the undersigned authority personally appeared __Cpl. Diaz-Delgado__ who being duly sworn. alleges, on information and belief. that on the __6th__ day of __December__ .20__25__, in __LAKE__ County, Florida, the defendant did:

distress to Joseph and Sradha.

Matthew was later transported to LCJ without incident.

SWORN to and SUBSCRIBED before me
this __6th__ day of __December__
20 __25__

_____
Notary Public      Certified Officer
(circle one)

AFFIANT

Tavares
~~Clermont~~ Police Department
**ARRESTING AGENCY**

SEAL
LORA LANE
Commission # HH 402640
Expires June 13, 2027

Page __5__ of __2__ Page

fpdf v1 20040624

| Complaint/Arrest Affidavit Continuation | Court Case No. | | Agency Case No. T25120284 |
|---|---|---|---|

**Defendant's Name:** Last Robinson  First Matthew  Middle  **Date of Birth** 08/15/1972

## FIRST APPEARANCE FINDINGS & ORDERS

Based upon the foregoing Affidavit and/or Sworn Testimony of _____ the undersigned finds and determines:

☐ As to charge(s)_____,_____,_____,_____,_____, that there was at the time of arrest and is probable cause to believe the defendant has committed the offense with which he/she is accused and it is hereby Ordered and Adjudged that defendant is to be detained or post bond as otherwise affixed pending further proceedings.

☐ As to charge(s)_____,_____,_____,_____,_____, that there is a lack of evidence that the defendant committed the offense with which he/she is accused, and it is hereby Ordered and Adjudged that the Sheriff or Chief of Police having custody is directed to forthwith release defendant from custody on defendant's own recognizance, subject to defendant appearing at all subsequent court proceedings upon proper notice.

☐ As to charge(s)_____,_____,_____,_____,_____, that it is hereby Ordered and Adjudged the matter of probable cause is hereby continued until the next First Appearance Hearing after date hereof, at which Hearing the Arresting Agency shall present any further proof of probable cause that it may possess.

### RELEASE ORDER

The above named Defendant was brought before the undersigned on this date at 9 15 o'clock, A .M. for a first appearance hearing and the undersigned thereupon informed him/her of the charge against him/her and provided him/her with a copy thereof and also adequately advised him/her that (1) he/she was not required to say anything and that anything he/she did say might be used against him/her, (2) if he/she was financially unable to afford an attorney that the Court would appoint one to represent him/her, and (3) he/she had the right to communicate with his/her attorney, his/her family, or his/her friends and if necessary reasonable means would be provided to enable him/her to do so; and the undersigned having considered all available relevant factors necessary to determine whether bail is necessary to assure Defendant's future appearance, and found that same is _____ necessary, it is upon consideration thereof ORDERED AND ADJUDGED that the Defendant

☐ Be released on his/her own recognizance upon the condition that he/she appear as agreed below.

☐ Be admitted to bail in the amount of $ _____ as to charge A, _____ as to charge B, $ _____ as to charge C, $ _____ as to charge D, and $ _____ as to charge E, upon the condition that he/she appear as agreed below.

DONE AND ORDERED this ___ day of Dec , 2025 at _____ Lake _____ County, Florida

NO VICTIM CONTACT
~~per attached order~~
~~hold until 5:00pm~~

_____
JUDGE

### DEFENDANT'S OATHS & AGREEMENTS
### OATH OF INDIGENCY

( ) The above name Defendant personally appeared before me and, being duly sworn, states:

(1) I am the Defendant above named and desire the assistance of counsel in these proceedings.

(2). I represent to the court, under penalty of perjury, that I am without money or means with which to employ a lawyer. I have no assets which could be converted to cash, mortgaged or pledged to raise sufficient funds to employ a lawyer.

(3) Pursuant to Section 27.56, Florida Statutes, I understand that in the event I am found guilty of a criminal act, I may be civilly liable for Court cost and a reasonable attorney's fee incurred in my defense. I further understand that I shall have the opportunity to be heard and offer objections to the determination of the value of the services of the Public Defender or appointed private counsel, and cost, at the time of the final disposition of my case.

### AGREEMENT TO APPEAR

I hereby acknowledge receipt of a copy of the above and I agree and promise to appear in Courtroom James . of the ___ Lake ___ County Courthouse, in ___ Tavares ___ , Florida, on the ___ day of Dec , 2025, at 0800 o'clock, A .M., and at such other times as the Court may order, and also agree to notify the Clerk of the Court, in writing, of my new address should I move from the address below.

DATED: Dec 6 , 2025

SWORN TO AND SUBSCRIBED BEFORE ME THIS 6 DAY OF Dec , 2025 2922

_____
Notary Public/Certified Officer (Circle One) Seal
Personally known OR produced identification
Type of identification produced _____

Defendant 2585 Shamrock ST
Address
Tavares 32778.

Page 3